IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FALCON STEEL, INC.                                                                    PLAINTIFF

v.                                        CIVIL NO. 09-2007

J. RUSSELL FLOWERS, INC., ET AL                                          DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before this Court is Plaintiff's, Falcon Steel, Inc, (hereinafter "Falcon"), Motion for Temporary Restraining Order to Enjoin the Sale of the subject property by separate Defendant, J. Russell Flowers, Inc. (hereinafter "Flowers") filed on June 23, 2009. (Doc. 19). This motion was referred to the undersigned on June 26, 2009. (Doc. 25).

**Statement of Facts:**

Falcon states the above action is for the foreclosure of Falcon's perfected materialman's lien against (7) barges in varying stages of completion (hereinafter "Collateral") that were being constructed by Separate Defendant, US Technology Marine Services, LLC (hereinafter "UST"), for Flowers. (Doc. 19). Falcon states it delivered steel to UST for the purpose of constructing the Collateral, and such steel was used for that purpose. *Id.*

Falcon states Flowers alleges it has a security interest in the Collateral and that Flowers security interest is superior to Falcon's interest. Falcon states Flowers failed to attach any security agreement or file-marked UCC to its pleadings and that Flowers never perfected its alleged security interest in the Collateral by filing a UCC in the State of Nevada, which is where

UST is domiciled.

Falcon states it recently received notice by mail from Flowers that Flowers intends to sell part of the Collateral at a sale on June 30, 2009. (Doc. 19, Exhibit). Falcon states due to UST's insolvency any judgment against it will be worthless and that the Collateral constitutes Falcon's only recourse for recovering the money that it is owed.

On June 26, 2009, Flowers filed a response and brief in opposition to the motion admitting Falcon seeks to foreclose an alleged materialman's lien against steel in several unfinished barge hulls but denies that the number of barges is seven and denies the viability of Falcon's lien as it appears Falcon may not have perfected it within one hundred twenty days of UST's last payment to Falcon. (Doc. 22). Flowers states it has a security interest in the unfinished steel hulls of barges remaining at the site of UST in Fort Smith, Arkansas. Flowers denies it failed to perfect its security interest in the steel hulls and more specifically denies Falcon's materialman's lien primes Flowers' security interest. Flowers admits it sent notice that it intends to sell the unfinished hulls at a sale on or after June 30, 2009. Flowers estimates the value of the steel to be approximately $200,000.00.

On June 29, 2009, UST filed a response and brief in opposition to the motion. (Doc. 26, 28). UST states Falcon must provide some proof that it supplied steel to UST within the time period required for the purpose of constructing the barges in which it now claims an interest. UST states Falcon delivered steel to UST for multiple purposes which included the construction of infrastructure and six river barges. (Doc. 28, Attachment 1). UST states two of the six barges were completely constructed and delivered to Flowers. UST states the remaining barges are in various stages of completion. UST states the materials Falcon delivered on August 29, 2008,

AO72A
(Rev. 8/82)

were used in the two barges that were completed and delivered to Flowers.  UST states these deliveries were paid for in August and December 2008 and that Falcon provided a release of interest related to that steel.   UST states the last delivery of steel as it relates to the remaining four barges was on May 12, 2008.

**Discussion:**

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. Due to Falcon's failure to post a security as required by Fed. R. Civ. Proc. 65 (c), the undersigned recommends the motion be **DENIED**.

The undersigned notes that no sale Flowers' property interest took place on June 30, 2009.  Should Flowers decide to sell its property interest, it must again give notice of its intent to sell.

**The parties have ten days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of July, 2009.

/s/   *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)