```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF ARKANSAS
                         FORT SMITH DIVISION
```

**FALCON STEEL, INC.**                                            PLAINTIFF

      v.         Civil No. 09-2007

**J. RUSSELL FLOWERS, INC.;**
**US TECHNOLOGY MARINE SERVICES, LLC;**
**and JP MORGAN CHASE BANK, N.A.**                                DEFENDANTS

      and

**ROGERS INDUSTRIAL, INC.**                                       INTERVENOR

## O R D E R

Now on this 31st day of March, 2010, come on for consideration the following:

   \*   **Motion of Direct Workforce, Inc. to Intervene Under Rule 24** (document #119);

   \*   **Magistrate Judge's Report And Recommendation** (document #122);

   \*   **Plaintiff's Objection To Report And Recommendations** (document #126); and

   \*   **Response Of Direct Workforce Inc. To Plaintiff's Objection To Report And Recommendation** (document #128),

and the Court, being well and sufficiently advised, finds and orders as follows:

   1.   This litigation commenced in the Circuit Court of Sebastian County, Arkansas, on December 23, 2008, when plaintiff

Falcon Steel, Inc. ("Falcon Steel") sued to collect on an open account and establish a materialman's lien for the sale of steel used in barges being constructed by US Technology Marine Services, LLC ("USTM") for J. Russell Flowers, Inc. ("Flowers").

Issue was joined by these parties, and Rogers Industrial, Inc. ("Rogers") was subsequently allowed to intervene to assert its own open account and materialman's lien claims.

2. The matter was heard by United States Magistrate Judge James R. Marschewski on a motion for temporary restraining order on September 11, 2009, and a plenary hearing was conducted by this Court on November 3, 2009. The Court entered Judgment on November 17, 2009, finding that Falcon Steel was entitled to recover on its open account and was entitled to a materialman's lien, and that Rogers Industrial was entitled to recover on its open account but was not entitled to a materialman's lien. The Judgment provided for a foreclosure sale of the barges if Falcon Steel were not paid in ten days.

3. The Judgment was not paid within ten days, and on December 10, 2009, Falcon Steel filed a Notice Of Commissioner's Sale scheduling the sale on Wednesday, January 13, 2010. Although both USTM and Flowers appealed the Judgment, neither posted proper security to prevent the sale of the barges.

4. On Friday, January 8, 2010, Direct Workforce Inc. ("Direct Workforce") moved to intervene, alleging that on or about

July 8, 2009, it entered into a contract with Flowers and the Raymond F. Williams Trust (the "Trust")[1] to finish four of the barges that were partially constructed.  Direct Workforce alleged that in consideration of the contract, Flowers and the Trust conveyed ownership of the barges to it, and that it had furnished labor and materials valued at $762,249.88, of which sum it had been paid only $200,000.00.

Direct Workforce argued that if it was not allowed to intervene and prevent the sale of the barges, it would "likely be prevented from asserting its lien rights or protecting its ownership interests in the barges."  It further alleged that without its intervention, any sale proceeds would likely be distributed to USTM, a subsidiary of the Trust, and that all parties to this litigation would benefit from its increase to the value of the barges, all to the detriment of Direct Workforce.

5.  The Motion To Intervene was referred to Judge Marschewski, who conducted a hearing on January 11, 2010, and filed his Report And Recommendation ("R&R") on January 12, 2010.

The R&R points out that, pursuant to **F.R.C.P. 24**, a motion to intervene must be timely, and that Direct Workforce either knew or should have known of Falcon Steel's lien when it began work on the barges.  Falcon Steel had perfected its lien on December 10, 2008, and filed suit to foreclose on December 23, 2008.  Because

---

[1]Direct Workforce alleges that the Trust is the parent company of USTM.

due diligence would have revealed these public record facts to Direct Workforce when it contemplated the transaction with Flowers and the Trust six months later, the Motion To Intervene was not timely.

The R&R also points out that Direct Workforce cannot place itself on a par with Falcon Steel as to any claimed materialman's or mechanic's lien, because it alleges that it is the owner of the barges in question, a status which is inconsistent with the assertion of such liens under Arkansas law. See **A.C.A. § 18-44-101**.

The R&R does, however, recognize that Direct Workforce may be prejudiced if not allowed to intervene, and therefore recommends that intervention be allowed, but only for the purpose of asserting a claim to any excess proceeds from the judicial sale.

6.  The Court disagrees that Direct Workforce should be allowed to intervene for any purpose. "Intervention in a federal court suit is governed by Fed. Rule Civ. Proc. 24. Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied." **National Ass'n for Advancement of Colored People v. New York**, 413 U.S. 345, 365 (1973).

Each timeliness decision must stand or fall on the peculiar facts of the case, but "[t]he general rule is that motions for

intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." **U.S. v. Associated Milk Producers, Inc.**, **534 F.2d 113, 115 (8th Cir. 1976)**. Where, as here, the matter has proceeded to judgment and beyond -- to the brink of foreclosure sale of the subject property -- and the party seeking to intervene knew or should have known of the suit from its inception, there is simply no basis to find the Motion To Intervene timely, and thus, no basis to allow intervention.

**IT IS THEREFORE ORDERED** that **Magistrate Judge's Report And Recommendation** (document #122) is **adopted in part** and **not adopted in part**. The Report And Recommendation is **adopted** in every respect except its final conclusion, and is **not adopted** as to its final conclusion that Direct Workforce Inc. should be allowed to intervene in this matter.

**IT IS FURTHER ORDERED** that **Motion of Direct Workforce, Inc. to Intervene Under Rule 24** (document #119) is **denied**.

**IT IS SO ORDERED.**

                                                 /s/ Jimm Larry Hendren
                                                 **JIMM LARRY HENDREN**
                                                 **UNITED STATES DISTRICT JUDGE**