```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                    FORT SMITH DIVISION
```

**FALCON STEEL, INC.**                                            PLAINTIFF

       v.          Civil No. 09-2007

**J. RUSSELL FLOWERS, INC.;**
**US TECHNOLOGY MARINE SERVICES, LLC;**
**and JP MORGAN CHASE BANK, N.A.**                                DEFENDANTS

       and

**ROGERS INDUSTRIAL SUPPLY CORP.**                                INTERVENOR

### O R D E R

Now on this 31st day of March, 2010, come on for consideration Falcon Steel, Inc.'s **Petition For Attorney's Fees And Expenses** (document #86) and **Supplement To Petition For Attorney's Fees And Expenses** (document #124), and **Intervenor's Petition For Attorney's Fees** (document #89), and from said motions, and the responses thereto, the Court finds and orders as follows:

1. Falcon Steel, Inc. ("Falcon Steel") and Rogers Industrial Supply Corp. ("Rogers Industrial"), the prevailing parties in this suit to collect on open accounts, each move for an award of attorney's fees and costs, pursuant to **A.C.A. § 16-22-308.**[1]

2. The judgment debtor, US Technology Marine Services, LLC ("USTM") does not dispute that Falcon Steel is entitled to an

---

[1] In addition, Falcon Steel relies upon **A.C.A. § 18-44-128(a)**, which authorizes an award of fees to a materialman required to sue for the enforcement of its lien.

award of attorney's fees, but objects to the amount of Falcon's request, contending that it is unreasonable.  USTM contends that the litigation required only a moderate amount of pleadings and that there were only two one-day hearings, yet Falcon Steel's counsel "used a household of attorneys" and billed over 300 hours.

USTM objects to Rogers Industrial's request in its entirety, contending that Rogers Industrial did not prevail on its quest to impose a lien, although it did obtain a judgment on its open account.  If an award of fees and costs is made to Rogers Industrial, USTM contends it should be greatly reduced for the same reasons asserted in connection with Falcon Steel's request, and because "[v]irtually all of Rogers counsel's billable time was devoted to litigating the materialman's issue."

3.  **A.C.A. §16-22-308**, which applies in this diversity case, provides, in relevant part, that "[i]n any civil action to recover on an open account . . . unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs."  The Court finds that the prevailing parties are entitled to an award of attorney's fees and costs in this case.

Arkansas courts have found the following considerations relevant to determining the reasonableness of an attorney's fee:

* the attorney's judgment, learning, skill, experience,

professional standing, and advice;

* the relationship between the parties;
* the amount or importance of the dispute;
* the extent and difficulty of research involved;
* the pleadings required;
* the nature and extent of the proceedings;
* the time and labor required;
* the difficulties presented; and
* the results obtained.

**Crockett & Brown, P.A. v. Courson, 312 Ark. 363, 368, 849 S.W.2d 938, 941 (Ark. 1993).**

4.   Because USTM does not point to any specific entries in Falcon Steel's fee petition that it believes are unreasonable, the Court is left to review the account with only USTM's general objections.  There is no objection to the hourly fee of attorney Stephen B. Niswanger ("Niswanger"), $205.00 per hour, with travel charged at half that rate, and the Court finds this rate reasonable.  Services of attorney Alexander Cale Block are charged at $125.00, and the Court also finds that rate reasonable.

There are, however, entries on the Niswanger Law Firm statement for an individual identified by the initials JDR, with no showing as to who this person is, and thus the Court cannot determine whether the rate shown for this person's work is reasonable.  No fee will be awarded for these items, which total

$6,527.50.

The Court also will not award a fee for the entries relating to attorney Evelyn G. Mangan ("Mangan"). Some of Mangan's bills do not indicate the time worked; some do not indicate the hourly rate; some omit both types of information. This makes it impossible to determine whether her charges for those entries are reasonable. In addition, Mangan's work appears to be largely duplicative of that performed by Niswanger and Block. While it is certainly permissible for a litigant to have as many attorneys as it chooses, when fees are shifted under a fee-shifting statute the Court will shift only those fees necessary to the conduct of the litigation. For these reasons, no fee will be awarded for work done by Mangan. These entries total $11,856.55.

With regard to Falcon Steel's Supplement, the Court notes that many charges contained therein appear to be related to the appeal of this matter, or to a related case, Solis v. Direct Workforce, Inc., Western District of Arkansas case number 09-2161. These entries, which total $3,004.00, are not appropriate for a fee award at the District Court level in the captioned case, and no fee will be awarded for them.

Deducting the foregoing amounts (which total $21,388.05) from the total fee requested ($72,287.05), the Court arrives at a fee of $50,899.00. The Court considers this amount reasonable, in light of the complexities of the case and the judgment of

$376,659.82 obtained by Falcon Steel, and it will be awarded.

    5.   An award of costs under Arkansas law is limited to the categories listed in **A.R.C.P. 54(d)**, which, as applicable to this case, include filing fees and other fees charged by the clerk of court; fees for service of process and subpoenas; fees for the publication of warning orders and other notices; and witness fees and mileage allowances.

Applying this rule, the Court finds that Falcon Steel is entitled to recover costs totaling $634.45.

    6.   With regard to the petition of Rogers Industrial, the Court agrees with USTM that it should be reduced to account for limited success.  An important aspect of the case advanced by Rogers Industrial at trial was obtaining a materialman's lien to enable it to collect on its open account with USTM, but it did not succeed in establishing such a lien. Without a lien, the judgment obtained by Rogers Industrial, in the sum of $103,043.14, may well be an empty victory.  Many of the entries on the statement of account provided by Rogers Industrial are related to the lien issue, and the Court finds it appropriate, in light of the failure of Rogers Industrial to prevail on that issue, to reduce the requested fee by one-third, from $13,711.50 to $9,141.00.  This reduction results in a fee the Court finds reasonable in light of the circumstances.

    7.   Applying **A.R.C.P. 54(d)** to the costs submitted by Rogers

Industrial, the Court finds it is entitled to an award of costs in the amount of $1,066.50.

**IT IS THEREFORE ORDERED** that Falcon Steel, Inc.'s **Petition For Attorney's Fees And Expenses** (document #86) is **granted**, and Falcon Steel, Inc., is hereby awarded attorney's fees and costs in the sum of Fifty-One Thousand Five Hundred Thirty-Three and 45/100 Dollars ($51,533.45) against US Technology Marine Services, LLC, same to be collected as costs.

**IT IS FURTHER ORDERED** that **Intervenor's Petition For Attorney's Fees** (document #89) is **granted**, and Rogers Industrial Supply Corp. is hereby awarded attorney's fees and costs in the sum of Ten Thousand Two Hundred Seven and 50/100 Dollars ($10,207.50) against US Technology Marine Services, LLC, same to be collected as costs.

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**