```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**FALCON STEEL, INC.**                                              PLAINTIFF

       v.       Civil No. 09-2007

**J. RUSSELL FLOWERS, INC.;**
**US TECHNOLOGY MARINE SERVICES, LLC;**
**and JP MORGAN CHASE BANK, N.A.**                                  DEFENDANTS

       and

**ROGERS INDUSTRIAL SUPPORT CORP.**                                 INTERVENOR

## O R D E R

Now on this 22nd day of June, 2010, comes on for consideration US Technology Marine Services, LLC's **Motion To Enter Satisfaction Of Judgment** (document #166), and from said motion, and the response thereto, the Court finds and orders as follows:

    1. On November 17, 2009, Falcon Steel, Inc. ("Falcon Steel") obtained Judgment against US Technology Marine Services, LLC ("USTM") in the sum of $376,659.82, plus interest at .33% per annum until paid.[1]

    2. Pursuant to provisions in the Judgment allowing Falcon Steel to foreclose USTM's rights in certain barges if its Judgment was not timely paid, Falcon Steel caused a foreclosure sale to be conducted. It offered the winning bid of $455,000.00 for the barges at that sale on January 13, 2010. The United States Marshal, who conducted the sale, credited Falcon Steel with the

---

[1] Intervenor Rogers Industrial Supply Corp. also obtained a money judgment, but that judgment does not figure in the dispute here under consideration.

sum of $404,276.00, being the amount of its Judgment plus interest then accrued in the sum of $27,616.18. The remaining $50,724.00 was due in 90 days.

3. On March 31, 2007, the Court awarded Falcon Steel attorney's fees in the sum of $51,533.45.

4. On May 14, 2010, the Marshal filed a Report of Sale, stating that the barges were sold to Falcon Steel for $455,000.00, and asking for costs in the sum of $220.00. The Court confirmed the sale that same day.

5. On April 28, 2010, the Court entered an Order directing the Marshal's Service to credit Falcon Steel's award of attorney's fees toward its bid on the barges.

6. USTM now moves the Court for satisfaction of the Judgment in favor of Falcon Steel, attaching as an exhibit a check payable to Falcon Steel in the sum of $800.00, which it claims to cover the deficiency between Falcon Steel's bid on the barges and the amount of the Judgment.

7. Falcon Steel objects to the motion. It contends that even with the payment of the $800.00, there is still a deficiency. It also contends that USTM has prevented it from taking possession of the barges and that "until such time that Falcon is able to meaningfully possess the Barges and use them in a manner that brings value, the Judgments are not really satisfied at all."

8.  As to the first contention, the Court agrees that a small deficiency remains.  By the Court's reckoning, Falcon Steel's Judgment (with interest stopped on the date of the sale) and fee award total $455,809.45.  The Judgment directed that proceeds of the sale were to be first applied to costs of the sale, which came to $220.00, then to the Judgment of Falcon Steel. The winning bid at sale was $455,000.00.  Thus, the $800.00 payment by USTM leaves a deficiency of $229.45, and the motion is subject to denial on that account alone.

9.  Although the foregoing analysis is sufficient to dispose of the pending motion, the Court finds it appropriate to address Falcon Steel's second argument as well, given that it is reasonable to expect that USTM would tender the $229.45 forthwith, if that is all that stands between it and satisfaction of the Judgment.

10. The Court is aware, from previous proceedings in the case, that at least some of the barges Falcon Steel bought at the foreclosure sale are only partially completed, and are located at a shipyard owned or controlled by UST Marine Property, LLC ("USTM Property").  USTM Property notified Falcon Steel on April 6, 2010, that it is charging rent of $1,000 per day until the barges are moved; that as of April 13, 2010, the past due rent would be $90,000.00; and that Falcon Steel must "adequately bond against

any damage to the property prior to entry on the property and pay all past due rents."  (Docket Entry #137-1).

Falcon Steel argues that "Ray Williams, who is the principal of UST Marine Property . . . and its sister company, [USTM], is trying to play a 'shell game'," and that USTM Property "continues its efforts to thwart Falcon's ability to obtain possession of the Barges by claiming that it is entitled to rapacious rent," making Falcon "unable to meaningfully possess the Barges or use them in a manner that brings value."  Falcon Steel argues that under this state of affairs, even if the deficiency is paid, its Judgment has not been satisfied.

11.  **F.R.C.P. 60(b)** provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: . . . (5) the judgment has been satisfied, released or discharged. . . ."

**Black's Law Dictionary**, **9th Edition**, defines "satisfaction of judgment" as "[t]he complete discharge of obligations under a judgment," and quotes *47 Am.Jur.2d Judgments § 1006* in explanation as follows:

> "Generally, a satisfaction of a judgment is the final act and end of a proceeding.  Satisfaction implies or manifests an expression of finality as to all questions of liability and damages involved in the litigation.  Once satisfaction occurs, further alteration or amendment of a final judgment generally is barred.  Satisfaction of a judgment, when entered of record by the act of the parties, is prima facie evidence that the creditor has received payment of the amount of the

> judgment or its equivalent, and operates as an extinguishment of the judgment debt."

The Court is not persuaded that all questiosn of liability and damages have been fully and finally resolved in this case.

12. The Court has already considered aspects of the case that bear on the issue presented. On March 29, 2010, USTM Property moved to quash a subpoena issued by Falcon Steel, which it claimed Falcon Steel was using to try and determine the rental arrangements between USTM and USTM Property. (Docket Entry #133.)

In response, Falcon Steel argued that USTM Property "is owned and controlled by the same person who owns and controls the judgment debtor, [USTM], Ray Williams. The demand for rent is his attempt to thwart Falcon's post-judgment execution of the Judgment."

The Court denied the motion to quash, reasoning as follows:

> Falcon Steel is attempting to complete execution on its judgment. This will require that it make the barges river-worthy and launch them so as to actually have possession of that which it bought at the foreclosure sale. Barges are not like real property, which can be possessed by putting the existing occupants out of possession and occupying in their stead, nor like the ordinary item of personal property that can be picked up and carried away. If rental charges are imposed that thwart the unique exigencies of taking possession of the barges, such would have the effect of preventing Falcon Steel from executing on its judgment.

(Docket Entry #139.)

Given this state of affairs, the Court believes it would be premature to enter satisfaction of Judgment, and the pending motion will, therefore, be denied.

**IT IS THEREFORE ORDERED** that US Technology Marine Services, LLC's **Motion To Enter Satisfaction of Judgment** (document #166) is **denied.**

**IT IS SO ORDERED.**

                                         /s/ Jimm Larry Hendren
                                         **JIMM LARRY HENDREN**
                                         **UNITED STATES DISTRICT JUDGE**