```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

**FALCON STEEL, INC.**                                          PLAINTIFF

       v.              Civil No. 09-2007

**J. RUSSELL FLOWERS, INC.;**
**US TECHNOLOGY MARINE SERVICES, LLC;**
**and JP MORGAN CHASE BANK, N.A.**                              DEFENDANTS

       and

**ROGERS INDUSTRIAL SUPPLY CORP.**                              INTERVENOR

       v.

**US TECHNOLOGY MARINE PROPERTY, LLC;**
**US TECHNOLOGY, INC.; RAYMOND F.**
**WILLIAMS TRUST d/b/a US TECHNOLOGIES;**
**and RAYMOND F. WILLIAMS, Individually**     ADDITIONAL DEFENDANTS

## O R D E R

Now on this 28th day of February, 2011, comes on for consideration the **Petition To Pierce The Corporate Veil, For The Discovery Of Funds And To Enforce Execution Of Judgment** of Intervenor Rogers Industrial Supply Corp. (document #173), and from said motion, and the response thereto, the Court finds and orders as follows:

1. On November 17, 2009, Rogers Industrial Supply Corp. ("Rogers Industrial") obtained Judgment against US Technology Marine Services, LLC ("USTM") in the sum of $103,043.14, plus prejudgment interest at the rate of 6% per annum from December 17,

2008, until the date of judgment, and post-judgment interest at .33% per annum until paid.[1]

2.   When the Judgment was not timely satisfied, and Rogers Industrial was unable to obtain satisfaction via writ of garnishment, it brought the Petition now under consideration. Rogers Industrial contends that this Court has ancillary jurisdiction to grant the requested relief pursuant to **F.R.C.P. 69(a)(1)**.

3.   **F.R.C.P. 69(a)(1)** is not a jurisdictional rule[2], but rather one that empowers the Court to look to state law for procedures in aid of execution of judgments.  Before a United States District Court can apply that Rule, there must be an independent basis of subject matter jurisdiction.

The Court, therefore, looks to the basis of its subject matter jurisdiction, having responsibility to ascertain such jurisdiction before proceeding to the merits of a controversy even when no party challenges it.  **Hertz Corp. v. Friend**, **130 S.Ct. 1181, 1193 (2010)**.

4.   This case originated in the Circuit Court of Sebastian County, Arkansas.  In the Complaint, Falcon Steel, Inc. ("Falcon Steel") alleged that it is a Missouri corporation; that USTM is a Nevada limited liability company with its principal place of

---

[1] On March 31, 2010, the Court awarded Rogers Industrial an additional $51,533.45 in attorney's fees and costs.

[2] "[T]he Federal Rules Of Civil Procedure do not create or withdraw federal jurisdiction."  Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 370 (1978).

business in Arkansas; and that Flowers is a Mississippi corporation. USTM and Flowers admitted the jurisdictional allegations as to themselves in their respective answers, and Flowers removed on the basis of diversity.

5. Rogers Industrial then intervened, alleging that it is an Arkansas corporation. Although both Rogers Industrial and USTM are citizens of Arkansas[3], this intervention did not destroy the existing diversity of citizenship. "[D]iversity of citizenship is assessed at the time the action is filed," and is not "defeated by the intervention, by leave of the court, of a party whose presence is not essential to a decision of the controversy between the original parties." **Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).**

The matter went to judgment in this posture.

6. Now that Judgment has been entered, and Rogers Industrial has been unable to collect its Judgment against USTM, the jurisdictional analysis changes. Rogers Industrial has asserted a new and independent claim for relief, one based on an entirely different theory than that upon which it obtained its Judgment, and one lodged against entirely different defendants.

In connection with its Petition, Rogers Industrial named and served the following:

---

[3] For diversity purposes, a corporation is deemed to be a citizen of both the state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

  *   US Technology Marine Property, LLC ("USTM Property"), alleged to be a Nevada limited liability corporation with its principal place of business in Arkansas;

  *   US Technology, Inc. ("UST"), alleged to be an Ohio corporation with its principal place of business in Ohio;

  *   Raymond F. Williams Trust d/b/a US Technologies ("Trust"), alleged to be a trust organized under the laws of Ohio; and

  *   Raymond F. Williams, Individually ("Williams"), alleged to be a resident of Ohio.

  It can be seen from this list that there is not complete diversity, Rogers Industrial and USTM Property both being citizens of Arkansas.

  7.   In **Peacock v. Thomas, 516 U.S. 349 (1996),** the Supreme Court took up the issue of "whether federal courts possess ancillary jurisdiction over new actions in which a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment."  The Court found no such jurisdiction where the relief sought was founded on different facts and different theories of liability.

  While **Peacock** involved a separate lawsuit, the Court finds no reasoned basis to distinguish it from the situation here. Although the Petition has the same case number as the underlying suit, the defendants are different, and the claims against them arise from

entirely different facts and an entirely different theory of liability.  In the underlying suit, Rogers Industrial sought to collect on an open account against USTM.  Here, Rogers seeks to make four different entities pay the Judgment it obtained against USTM, on a theory of veil-piercing.  The Petition is, thus, a classic case where "a federal judgment creditor seeks to impose liability for a money judgment on a person not otherwise liable for the judgment," and under **Peacock**, this Court does not have ancillary jurisdiction over it.

8.   In the absence of ancillary jurisdiction, the Court finds no basis for subject matter jurisdiction over the Petition.  There is no diversity and no federal question involved.  The Court finds, therefore, that Rogers Industrial's Petition must be dismissed for lack of subject matter jurisdiction.  This does not mean, of course, that Rogers Industrial has no avenue for relief.  It merely means that such relief must be sought in the State courts, not this Court.  To that end, the dismissal will be without prejudice.

**IT IS THEREFORE ORDERED** that the **Petition To Pierce The Corporate Veil, For The Discovery Of Funds And To Enforce Execution Of Judgment** of Intervenor Rogers Industrial Supply Corp. (document #173) is **dismissed without prejudice.**

**IT IS SO ORDERED.**

                                     /s/ Jimm Larry Hendren  
                                    JIMM LARRY HENDREN  
                                    UNITED STATES DISTRICT JUDGE